UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION, PIKEVILLE
CIVIL ACTION NO. _____

JAY SHRI GANESH
HITESHKUMAR PATEL                                                                PLAINTIFFS

V.                          **COMPLAINT & APPEAL**

UNITED STATES OF AMERICA                                                      DEFENDANT

      **VIA KENTUCKY SECRETARY OF STATE**
      Hon. Thomas J. Vilsack
      Administration Building
      1400 Independence Ave SW, Rm 200A
      Washington, DC 20250

      **VIA KENTUCKY SECRETARY OF STATE**
      Robin Bailey
      FNS Regional Administrator
      61 Forsyth St., SW Room 8T36
      Atlanta, GA 30303-3427

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Come the Plaintiffs, Jay Shri Ganesh and Hiteshkumar Patel ("Plaintiffs"), by and through counsel, and in support of their Complaint against the Defendant, United States of America ("Defendant"), state as follows:

1.    Plaintiffs operate a retail food store in Inez, Kentucky (Martin County) doing business as America Quick Marts.

2.    The cause of action arises under the provisions of 7 U.S.C. § 2023 and 7 CFR § 279.7, which in applicable parts provide that, if a retail food store is aggrieved by the

administrative determination disqualifying the store from participation in the Food Stamp Program, an owner shall be entitled to judicial review.

3. Under the aforementioned statutes and regulations, this Complaint must be filed against the United States of America in the U.S. District Court for the District in which Plaintiffs reside or are engaged in business. Under the local rules within the Eastern District of Kentucky, this Complaint must be filed in the Southern Division, Pikeville.

4. At all relevant times, Plaintiffs operated and conducted and now operate and conduct a retail food store in Inez, Kentucky and was and are fully qualified under the Federal Food Stamp Act to be a retail participant.

5. On or about October 28, 2014, Plaintiffs received a letter from the United States Department of Agriculture Retailer Operations Division ("USDA"), advising there was reason to believe Plaintiffs violated the terms and provisions of the Food Stamp Program.

6. Plaintiffs provided oral and written response to these allegations.

7. After considering the response, USDA issued a determination letter permanently disqualifying Plaintiffs from participating in the Food Stamp Program.

8. Plaintiffs requested an appeal of USDA's determination, which was granted.

9. After the administrative review, Plaintiffs were notified by mail on or about January 16, 2015 that Plaintiffs were permanently disqualified from participating in the Food Stamp Program. Specifically, Plaintiffs were found to have trafficked Supplemental Nutrition Assistance Program (SNAP) benefits in violation of 7 U.S.C. § 2021 and 7 C.F.R. § 271.2. As a result, permanent disqualification was issued. A copy of this letter is attached to this Complaint and marked as **Exhibit A**.

10. In accordance with 7 U.S.C. § 2023 and 7 C.F.R. § 279.7, this Complaint is timely filed within thirty days after the delivery of the final notice of determination by Ronald C. Gwinn, Administrative Review Officer for the USDA. The final notice of determination was erroneous in the following respects:

a. Defendant failed to provide sufficient evidence showing that Plaintiffs were trafficking SNAP benefits in violation of 7 C.F.R. § 271.2;

b. Defendant failed to properly consider the three factors under 7 C.F.R. § 278.6(d) before imposing disqualification; and,

c. Defendant erroneously found that Plaintiffs were ineligible for a monetary penalty in lieu of disqualification pursuant to 7 C.F.R. § 278.6.

12. On the de novo record as a whole, the Secretary of Agriculture, acting through his designates, abused the Secretary's discretion by acting arbitrarily and capriciously in imposing a permanent disqualification upon Plaintiffs, in light of the facts on the record, and in light of the location of Plaintiff's retail food operation in an economically depressed area, in which area substantial numbers of customers purchased goods only with Food Stamps, thereby seriously threatening Plaintiff's ability to sustain themselves and earn a livelihood.

**WHEREFORE**, based upon the foregoing, Plaintiffs, Jay Shri Ganesh and Hiteshkumar Patel, pray for the following relief:

1. That the Court set this case for a trial de novo and determine the validity or invalidity of the administrative orders hereinabove referred to;

2. That the Court, on determination of the invalidity of such orders, direct that Plaintiffs be fully authorized to continue to participate fully and actively in the Food Stamp

Program and to render any order of disqualification that may have previously been administratively imposed null and void; and,

3. That the Court enter such other and further orders as the Court may deem just and proper in the circumstances.

        Respectfully submitted,

        McBRAYER, McGINNIS, LESLIE
          & KIRKLAND, PLLC
        201 East Main Street, Suite 900
        Lexington, Kentucky  40507
        (859) 231-8780


        */s/ Jon A. Woodall*              
        JON A. WOODALL
        PHILIP C. LAWSON
        ATTORNEYS FOR PLAINTIFFS